**In re PENN FRUIT COMPANY, INC., Bankrupt.**

**PRODUCE, POULTRY, FISH AND OYSTERMEN, DRIVERS AND HELPERS, LOCAL 929, Plaintiff,**

v.

**PENN FRUIT COMPANY, INC., Defendant.**

**Bankruptcy No. 75–1684EG.**

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 21, 1979.

---

Schnader, Harrison, Segal & Lewis, David S. Hope, Philadelphia, Pa., for debtor.

Mark P. Muller, Freedman & Lorry, Philadelphia, Pa., for Produce, Poultry, Fish and Oystermen, Drivers and Helpers, Local 929.

Adelman & Lavine, Alexander B. Adelman, and Sklar, Pearl, Lichtenstein & Sklar, Lawrence J. Lichtenstein, Philadelphia, Pa., co-counsel for Creditors' Committee.

Pepper, Hamilton & Scheetz, I. Grant Irey, Jr., Philadelphia, Pa., for Fidelity Bank.

Robert R. Leinwand, Leinwand, Maron, Hendler & Krause, New York City, for debtor.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is what effect is to be given to the grievance and arbitration provisions of a collective bargaining agreement that was assumed by the debtor in possession. We conclude that the debtor in possession is bound by those provisions.

On January 1, 1974, Penn Fruit Co., Inc. ("Penn Fruit") and the Produce, Poultry, Fish and Oystermen, Drivers and Helpers Local No. 929 ("Local 929") entered into several collective bargaining agreements, each of which contained grievance and arbitration provisions. On September 3, 1975, Penn Fruit filed a petition for an arrangement under Chapter XI in this court and, on October 28, 1975, we approved Penn Fruit's application to reject certain collective bargaining agreements as executory contracts pursuant to Section 313(1) of the Bankruptcy Act and Rule 11–53 of the Rules of Bankruptcy Procedure. The collective bargaining agreements at issue here were not among those rejected and have remained in

effect throughout the Chapter XI proceeding.

Both before and after the filing of the petition by Penn Fruit, certain grievances arose under the collective bargaining agreements at issue.[1] On November 3, 1975, Local 929 applied to the court for relief from the automatic stay provisions of Rule 11–44 and for leave to proceed to arbitration on the grievances as provided in the collective bargaining agreements. That application was denied. Subsequently, Local 929 commenced an adversary proceeding against Penn Fruit to compel it to go to arbitration on the grievances. It appears from the record that this court did enter an order, on October 1, 1976, directing the parties to go to arbitration on these grievances. However, it appears that none of the parties were aware of this order as they are now before the court again with the same request. Therefore, we will endeavor to explain why we conclude that the parties should proceed to arbitration on the various grievances.

■ We are dealing here with the effect of a collective bargaining agreement that was not rejected as an executory contract by the debtor in possession in a Chapter XI proceeding but which has remained in effect during the course of that proceeding. Where a contract has not been rejected as an executory contract with the permission of the court and where the debtor in possession has accepted the services of the employees under the terms of that contract, that contract remains in full force and the debtor in possession is bound by all of its terms. *Brown v. Presbyterian Ministers Fund*, 484 F.2d 998 (3d Cir. 1973); *In re Public Ledger, Inc.*, 161 F.2d 762 (3d Cir. 1947). *See* 8 Collier on Bankruptcy § 313(1) ¶ 3.15[6] (14th ed. 1978). Thus, with respect to the grievances which arose during, as well as before, the filing under Chapter XI, the provisions of the collective bargaining agreement, which include the grievance and arbitration provisions, control.

■ The filing of a petition under Chapter XI, though, does have some effect on the duties and rights of the parties to a collective bargaining agreement. Namely, under the stay provisions of that Chapter,[2] the parties may not proceed to arbitration without the permission of the bankruptcy court.[3] However, those stay provisions do not discharge the obligation of the debtor in possession to proceed to arbitration when the court so orders.[4]

■ It has been suggested that the court should not now permit the parties to go to arbitration over the grievances since some of the payments which might be ordered could be characterized as administrative expenses and, as such, are matters for the sole determination of the bankruptcy court. *See, e. g., In re Mammoth Mart, Inc.*, 536 F.2d 950 (1st Cir. 1976). Although the determination of whether a claim is entitled to priority as an administrative expense is within the province of the bankruptcy court, the determination of the amount due employees who have filed grievances under the collective bargaining agreement is a contractual matter which, we conclude,

1. The facts concerning the grievances here in dispute have been stipulated to by the parties in a writing filed September 17, 1976.

2. Section 314, 11 U.S.C. § 714 (1978); Rule 11–44a of the Rules of Bankruptcy Procedure.

3. *Truck Drivers Local Union No. 807 v. Bohack Corp.*, 541 F.2d 312 (2d Cir. 1976).

4. *Id.* In *Bohack*, the Court of Appeals for the Second Circuit noted that the court could allow the debtor in possession to reject or affirm the collective bargaining agreement. Even if the court allowed rejection of the agreement,

"it does not destroy the contract so as to absolve the parties (particularly the breaching party) from a contractual duty to arbitrate their disputes. . . . Hence, the provisions for arbitration could continue to support an order of the bankruptcy judge that the parties arbitrate their dispute, though the priority and status of any arbitration award would be a matter of bankruptcy law for the bankruptcy court to decide." Id. at 321, n. 15 (cites omitted).

In the case at bar the collective bargaining agreement has not been rejected and so the arbitration provisions not only remain available for use by the parties but are in fact mandatory by the terms of the contract.

should be decided according to the procedure to which both the debtor in possession and the employees (through the union) agreed and by which both are bound.

Furthermore, since the debtor in possession did not reject the collective bargaining agreement and is, therefore, bound by it, it appears that failure to abide by the terms of the grievance and arbitration provisions of that agreement might subject the debtor in possession to charges of unfair labor practices.[5]

Accordingly, we append hereto and reaffirm our order of October 1, 1976.

## APPENDIX

In the United States District Court for the Eastern District of Pennsylvania

### ORDER

AND NOW, to wit, this 1st day of October, 1976 upon consideration of the Complaint filed by Muller & Kaplan, attorneys for Produce, Poultry, Fish and Oystermen, Drivers and Helpers, Local 929, seeking an order directing arbitration in certain disputes arising under certain collective bargaining agreements between plaintiff and defendant, Penn Fruit Company, Inc., Debtor-in-Possession, the defendant, Debtor-in-Possession's Answer to the Complaint and the stipulation of plaintiff and defendant regarding facts in the matter, it is hereby

ORDERED and DECREED that the Order dated September 3, 1975 entered by the Court in this matter which contained an enjoining provision pursuant to Rule 11–44 be and hereby is modified to the extent that the Debtor-in-Possession may proceed to arbitration in accordance with the terms and provisions of the appropriate collective bargaining agreement in the grievances of Tenuto and Rosmini; the grievance of "meat cutters"; the grievance of Virginia Ellis; the grievance of John Bodell; the grievance of Laura Sexton; the grievance

of Vincent Bond; and the grievance of Dorothy Hall.

---

5. Section 10(a) of the Labor Management Relations Act provides in part:

    The Board [NLRB] is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise . . . . .

29 U.S.C. § 160(a) (1973).