### In re TABLE TALK, INC., Debtor.

### Bankruptcy No. 4–82–00253–G.

United States Bankruptcy Court,
D. Massachusetts.

July 17, 1985.

Timothy M. Lindamood, Barry M. Portnoy, Boston, Mass., Trustee.

John D. Sigel, Paul P. Daley, Boston, Mass., for Hub Folding Box.

Geoffrey H. Ward, for Kliklok Corp.

## MEMORANDUM AND ORDER RE TRUSTEE'S APPLICATION FOR AUTHORITY TO CONDUCT EXAMINATIONS

PAUL W. GLENNON, Bankruptcy Judge.

This matter comes before the Court on a motion by the Trustee for authority to conduct examinations under Bankruptcy Rule 2004. This motion has been opposed by the parties sought to be examined, Hub Folding Box Company, Inc., ("Hub") and Kliklok Corporation ("Kliklok"). A hearing on the motion was held before this Court on June 3, 1985.

### FACTS

The facts which give rise to this matter, as alleged by the parties, are as follows.

There are presently two head-seal automatic packaging machines located at the Debtor's premises. These machines were manufactured by Kliklok and bear the serial numbers HS 1198–335 and HS 1198–391. Kliklok leased machine No. HS 1198–335 to the Container Corporation of America ("CCA") in May of 1976. CCA, in turn, subleased the machine to the Debtor. The rent for the first year under the sublease was $106,450.00, an amount equal to the full value of the machine at that time, according to the Trustee. The Trustee also claims that the Debtor paid the rent, in advance, directly to Kliklok. Kliklok denies this, claims that the rent for both machines was paid to it by CCA, and has submitted an affidavit from the treasurer of Kliklok to that effect.

The second machine, No. HS 1198–391, was similarly leased by Kliklok to CCA in December of 1978. CCA then subleased the machine to the Debtor. The rent for

the first year was $85,065.00, an amount allegedly equal to the full value of the machine at that time. Again, the Trustee claims that the rent was paid directly to Kliklok, and Kliklok denies this.

Each of the subleases provided for nominal rent payments from the Debtor to CCA, after the first year. The Trustee claims that these payments were merely to reimburse CCA for maintenance services to be provided by CCA pursuant to the terms of the subleases.

In the summer of 1982, the leases between Kliklok and CCA were transferred to Hub. Hub and the Debtor then entered into new subleases for the machines, on terms which were substantially the same as the terms of the subleases between CCA and the Debtor.

The Trustee claims that, because the Debtor paid the full value of the machines in advance, and only nominal rental payments which amount to maintenance fees, thereafter, the Debtor's estate has equitable title to the machines. The Trustee states that Kliklok claims title to the machines, and Hub claims a right to possession, although neither party has formally asserted their claims in these bankruptcy proceedings. In addition to the dispute over the right to title and possession of the machines, the Trustee believes that Kliklok, CCA, and Hub induced the Debtor to enter into the subleases through the exercise of monopoly power, in violation of federal anti-trust laws.

## DISCUSSION

The Trustee seeks authority, under Bankruptcy Rule 2004, to conduct examinations of Kliklok and of Hub, regarding the leases, the subleases, and any payments made thereunder.

Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of *any person* (emphasis added)." The scope of a Rule 2004 examination is "unfettered and broad" and the rule itself is "peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does." *In re GHR Energy Corp.*, 33 B.R. 451, 453, 454 (Bankr.D. Mass.1983); *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr.D.Mass.1984). Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to "a fishing expedition." *In re GHR Energy Corp.*, 33 B.R. at 453, *citing In re Foerst*, 93 F. 190, 191 (S.D.N.Y.1899). There are limits to the scope of a 2004 examination. It may not be used for "purposes of abuse or harassment" and it "cannot stray into matters which are not relevant to the basic inquiry." *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr.E.D.Wis.1984).

The examinations sought to be conducted by the Trustee appear, on their face, to fall within the scope of Rule 2004. The Trustee is seeking to determine whether the Debtor's estate has equitable title to the two machines, and also whether the estate has potential anti-trust claims against Kliklok, CCA, and/or Hub.

Kliklok and Hub have objected to these examinations on several different grounds. The gist of Hub's objection is that the Trustee is allegedly using Rule 2004 to circumvent the Federal Rules of Civil Procedure as incorporated in Bankruptcy Rules 7026 through 7037. Hub objects to the use of a Rule 2004 examination as a "pre-litigation discovery device" which would give the Trustee an "unwarranted tactical advantage."

It is, however, "clear that pending litigation ... against the person sought to be examined and the possible use of 205 [now 2004] testimony in that collateral litigation is not sufficient reason for denying examination." *In re Mantolesky*, 14 B.R. 973, 979 (Bankr.D.Mass.1981); *In re Mittco, Inc.*, 44 B.R. at 37. Bankruptcy Rules 7026 through 7037 apply the Federal Rules of Civil Procedure only in adversary proceedings and no adversary proceeding has been commenced against the parties sought to be examined in this case. While Hub (and Kliklok) may wish to later object to

specific questions or lines of questioning as exceeding the proper scope of a Rule 2004 examination, *Cf., In re Mantolesky,* 14 B.R. at 977, it does not appear that sufficient grounds exist at this time for denying the authority to conduct the examinations in total, especially where one purpose of those examinations is to determine whether the estate has an anti-trust action against the parties sought to be examined. Were such a suit to exist, it would properly be considered a potential asset of the estate.

■ Both Hub and Kliklok argue that the examinations are unwarranted because an anti-trust action, if brought by the Trustee, would not be a "core" proceeding under 28 U.S.C. § 157(b) and would be subject to mandatory withdrawal by the United States District Court under 28 U.S.C. § 157(d). While Hub makes a strong argument that an anti-trust suit would be subject to mandatory withdrawal, the Court need not rule on the issue since without an anti-trust action pending, the matter is not properly before the Court. Even assuming *arguendo* that such a suit, when and if it is filed, would be subject to mandatory withdrawal, it does not logically follow that a Rule 2004 examination would, at this time, be precluded by a future contingency.

■ Finally, Kliklok objects to the proposed examination on the grounds that this Court does not have jurisdiction over them. Kliklok argues that the rental payments received by it came from CCA, not the Debtor (the Debtor disputes this), and that Kliklok has had no dealings of any kind with the Debtor. Furthermore, Kliklok contends that because it has not submitted any claim in this proceeding, it has not in any way consented to the jurisdiction of this Court. A close reading of Rule 2004, however, reveals that the Court may order the examination of "any person." Bankruptcy Rule 2004(a). While it remains to be seen whether or not Kliklok received the rental payments directly from the Debtor, it would appear that Kliklok did do business with the Debtor, either directly or indirectly, since the Debtor has possession of machines to which it would appear Klik-

lok, at least arguably, has title. *See In re GHR Energy Corp.,* 33 B.R. at 454.

### CONCLUSIONS AND ORDER

In view of the foregoing, and all arguments of counsel, whether or not specifically mentioned, the following order shall enter.

The Trustee's application for authority to conduct examinations of Kliklok and Hub pursuant to Rule 2004 is hereby allowed.