In the Matter of SUN MEDICAL MANAGEMENT, INC., Debtor.

Bankruptcy No. 86–40544–COL.

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Aug. 21, 1989.

Fife M. Whiteside, Columbus, Ga., Kenneth L. Funderburk, Phenix City, Ala., for Sun Medical Management, Inc.

Peter J. Anderson, Daniel J. Carroll, Malcolm D. Young, Jr., J. Philip Self, Atlanta, Ga., for Centurion Health of Carrollwood, Inc., A. Ronald Turner, J. Michael Jernigan, Richard B. White, and Daniel A. Griggs.

Mark Roadarmel, Staff Atty., Macon, Ga., Office of U.S. Trustee.

Scott C. Ilgenfritz, Clearwater, Fla., for Carrollwood Community Hospital, Inc.

ORDER ON MOTIONS FOR PROTECTIVE ORDER AND MOTIONS TO QUASH SUBPOENAS ISSUED PURSUANT TO DEBTOR'S SECOND MOTION FOR BANKRUPTCY RULE 2004 EXAMINATION OR EXAMINATIONS

ROBERT F. HERSHNER, Jr., Chief Judge.

Before the Court is the "Motion for Protective Order and/or In the Alternative Motion to Quash Subpoenas Ordered Pursuant to Second Motion for Bankruptcy Rule 2004 Examination or Examinations" filed on July 21, 1989 by Centurion Health of Carrollwood, Inc. ("Centurion"), F. William Chambers, A. Ronald Turner, J. Michael Jernigan, Richard B. White, Daniel A. Griggs, Centurion Health of Florida, Inc. ("CHF"), and Peterson Young Self and Asselin (collectively the "Centurion Parties"). Also before the Court is a similar

---

6. 11 U.S.C.A. § 523 (West 1979 & Supp.1989).

7. 11 U.S.C.A. § 523 (West 1979 & Supp.1989).

motion filed on July 28, 1989 by Dr. Richard B. Mayer, Sr., Dr. David Mayer, Daniel P. Mayer, Thomas S. Rutherford, Land O'Lakes Enterprises, Inc., and William S. Hollister (collectively the "Mayer Parties"). These motions came on for hearing on August 15, 1989. The Court, having considered the arguments of counsel, now enters this order.

On May 16, 1988, this Court entered a judgment in favor of Sun Medical Management, Inc. ("Sun"), Debtor, against Carrollwood Community Hospital, Inc. ("Carrollwood"). The judgment was for $1,908,801 plus interest from June 24, 1987, until the judgment is satisfied. The judgment was affirmed by the United States District Court for the Middle District of Georgia. The United States Court of Appeals for the Eleventh Circuit affirmed the judgment on May 11, 1989. The Eleventh Circuit denied Carrollwood's motion for rehearing and the judgment became final on June 29, 1989.

On or around March 31, 1989, Carrollwood sold virtually all its assets to Centurion Health of Carrollwood, Inc.[1] Centurion did not assume liability for the Sun judgment. Sun contends this sale was fraudulent because it rendered Carrollwood judgment proof.

Sun filed a motion on May 31, 1989 requesting Bankruptcy Rule 2004[2] examinations of Carrollwood, Centurion, and Dr. Richard Mayer. An order authorizing this examination was issued on May 31, 1989. Sun has examined several persons and reviewed substantial documents pursuant to the court order. Sun, however, submits that it has been unable to complete its examination because some documents have not been supplied and some witnesses have failed to cooperate.

Sun filed a second motion requesting Bankruptcy Rule 2004 examinations on July 5, 1989. Sun, in its motion, asks the Court to order the examination of seventeen persons, several of whom have already been examined pursuant to the Court's order of May 31, 1989. An order authorizing examinations pursuant to Sun's second motion was issued on July 6, 1989.

The Centurion Parties filed a motion for protective order and to quash subpoenas on July 21, 1989. The Centurion Parties allege that Centurion, Dr. Richard B. Mayer, Sr., and Carrollwood have already been examined and that all nonprivileged documents requested by Sun have been produced. Centurion Parties contend that Sun should not be allowed to examine Daniel A. Griggs, A. Ronald Turner, F. William Chambers, and J. Michael Jernigan[3] concerning the affairs of Centurion or the private business affairs of these individuals. Centurion Parties allege that there is no relation between these matters and the judgment Sun obtained against Carrollwood.

The Centurion Parties contend that the scope of a Bankruptcy Rule 2004 examination is not an appropriate discovery method in this matter. The Centurion Parties contend that the information which Sun may be entitled to is obtainable under the Federal Rules of Civil Procedure.

Sun also wants to examine the law firm of Peterson Young Self and Asselin (Peterson firm). The Peterson firm represented both Carrollwood and Centurion at the time of the sale of Carrollwood's assets to Centurion and still represents Centurion. Sun contends that legal advice and documents prepared by the Peterson firm may have been used in the alleged fraudulent transfer of Carrollwood's assets to Centurion. Centurion Parties object, stating that the Peterson firm's communications are protected by the attorney-client privilege.

The Mayer Parties also filed a motion for protective order and to quash subpoenas on July 28, 1989. The Mayer Parties contend that Sun has already examined Richard B. White (chairman of Centurion) and Dr. Richard B. Mayer, Sr. The examination of Dr. Mayer, however, was not completed.

---

1. Carrollwood argued its appeal before the Eleventh Circuit on March 29, 1989. The Carrollwood assets were sold about two days later.

2. R.Bankr.P. 2004.

3. These four individuals are shareholders and officers of Centurion.

The Mayer Parties state that they have informed Sun's counsel that Dr. Mayer could be examined again at a mutually agreed upon date. The Mayer Parties also allege that Centurion, Carrollwood, and Mayer have produced all nonprivileged documents requested by Sun. The Mayer Parties allege that these documents reflect the complete transactions between Centurion, Carrollwood, and Centurion's lenders. The Mayer Parties also contend that a Bankruptcy Rule 2004 examination is not a proper discovery method in this matter.

Sun filed a brief in opposition to the motions by the Centurion Parties and the Mayer Parties on August 9, 1989. Sun contends that Bankruptcy Rule 2004 is a proper discovery method in this matter.

The gist of the Centurion Parties and the Mayer Parties' argument is that Sun is using Bankruptcy Rule 2004 to circumvent the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rules 7026 through 7037. Bankruptcy Rules 7026 through 7037 apply the Federal Rules of Civil Procedure only in adversary proceedings. *In re Table Talk, Inc.,* 51 B.R. 143, 145 (Bankr.D.Mass.1985). *See also First Financial Savings Association v. Kipp (In re Kipp),* 86 B.R. 490, 491 (Bankr.W.D. Tex.1988) (Once an actual adversary proceeding has been initiated, the discovery devices provided for in Rules 7026 through 7037 apply and Rule 2004 should not be used.). While an adversary proceeding has been filed with the Court that may involve the parties that Sun wishes to examine, responses are not yet due to the complaint.

Centurion also contends that a Bankruptcy Rule 2004 examination may not be used by a debtor postconfirmation.[4] *See In re Good Hope Refineries, Inc.,* 9 B.R. 421, 423 (Bankr.D.Mass.1981); *In re GHR Energy Corp.,* 35 B.R. 534, 537 (Bankr.D. Mass.1983). The *Good Hope Refineries* court said, however, that "[the examination] is nct intended to give a rehabilitated debtor postconfirmation a strategic advantage in fishing for potential private litigation."[5] Sun, however, is not a rehabilitat-

ed debtor. The alleged fraud, if proven, has been perpetrated upon Sun, and Sun's judgment against Carrollwood is a substantial, if not only, asset of Sun's bankruptcy estate.

The court in *In re GHR Energy Corp.* addressed the purpose of Bankruptcy Rule 2004 and noted:

> Rule 2004 (and its predecessor rules) is intended to give parties in interest an opportunity to examine those individuals having knowledge of the financial acts and affairs of a debtor. "The object of the examination of the bankrupt and other witnesses to show the condition of the estate is to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved." *Cameron v. United States,* 231 U.S. 710, 34 S.Ct. 244, 58 L.Ed. 448 (1914).

35 B.R. 534, 536–37 (Bankr.D.Mass.1983).

Bankruptcy Rule 2004 examinations are allowed for the purpose of discovering assets and unearthing frauds. *In re Table Talk, Inc.,* 51 B.R. at 145. Courts allow the use of extraordinary discovery methods to ferret out information when facts are shown implying that a fraud has occurred. *See Clark v. United States,* 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993 (1933) (The attorney-client privilege is broken when a client consults an attorney for advise that will serve him in the commission of a fraud. The truth must be told.). *See also In re Grand Jury,* 845 F.2d 896 (11th Cir.1988); *In re Grand Jury Investigation (Schroeder),* 842 F.2d 1223 (11th Cir.1987).

The conveyance from Carrollwood to Centurion has a definite impact on the financial affairs of Sun. Sun seeks to examine those individuals and corporations who have knowledge of the conveyance. Sun has shown sufficient facts concerning its allegations of fraud to justify the use of Bankruptcy Rule 2004 examinations. Sun has, however, already examined several persons in this matter. The Court will not allow Sun to examine those persons again

---

**4.** Sun's plan of reorganization was confirmed on October 15, 1987.

**5.** 9 B.R. 421, 423 (Bankr.D.Mass.1981).

without a sufficient showing. The Court is persuaded that Sun should be allowed to examine the following persons: F. William Chambers, A. Ronald Turner, J. Michael Jernigan, Daniel A. Griggs, Daniel P. Mayer, David Mayer, and Dr. Richard B. Mayer, Sr.

Sun has not shown sufficient foundations in fact to warrant application of the crime-fraud exception to the attorney-client privilege. The Court is persuaded that Sun made an insufficient showing at the August 15, 1989 hearing for the Court to authorize examination of the Peterson firm.

Accordingly; it is

ORDERED that Sun Medical Management, Inc. is authorized to take Bankruptcy Rule 2004 examinations of F. William Chambers, A. Ronald Turner, J. Michael Jernigan, Daniel A. Griggs, Daniel P. Mayer, David Mayer, and Dr. Richard B. Mayer, Sr., and the Clerk of Court is authorized to issue subpoenas for their attendance.

SO ORDERED.