138 B.R. 996 (1992)
In re A.R.E. MANUFACTURING COMPANY, INC., Debtor.
A.R.E. MANUFACTURING COMPANY, INC., Plaintiff,
v.
UNITED STATES of America,
and
Keco Industries, Inc., Defendants.
Bankruptcy No. 89-2587-BKC-3P1, Adv. No. 92-655.
United States Bankruptcy Court, M.D. Florida, Jacksonville Division.
April 2, 1992.
*997 Brian M. Kane, Asst. U.S. Atty., Jacksonville, Fla., Ralph Avery, Arlington, Va., for U.S.
Lawrence C. Rolfe, Jacksonville, Fla., for debtor.
Del Stiltner Dameron, Washington, D.C., Albert S. Millar, Jacksonville, Fla., for Keco Industries, Inc.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
GEORGE L. PROCTOR, Bankruptcy Judge.
This proceeding is before the Court on the Motion of Defendant-Intervenor Keco Industries, Inc. ("Defendant Keco"), to dismiss the adversary proceeding for lack of subject matter jurisdiction. The Court, upon the evidence presented, makes the following findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052:

FINDINGS OF FACT
1. Plaintiff was awarded contract DAAK01-87-D-A160 (A160) for 36,000 BTU air conditioners by the United States Army Troop Support Command (TROSCOM) on September 25, 1987. This contract was terminated for default immediately prior to Plaintiff's September 1, 1989, bankruptcy filing.
2. Defendant United States of America ("Defendant United States") commenced adversary proceeding number 90-102 in this Court to reclaim property to which it claimed title under the A160 and other contracts with Plaintiff. Plaintiff counter-claimed for wrongful termination of the A160 and several other contracts. The parties settled such litigation by stipulation dated March 6, 1991. As part of the settlement, *998 Defendant United States released any claim it might have against Plaintiff in the nature of damages under contract A160, including assessment of excess costs of reprocurement.
3. Plaintiff's plan of reorganization was confirmed by order dated March 18, 1991. The plan and confirmation order provided for payment of Defendant United States' claim, including claims for excess reprocurement costs, over a period of 57 months, commencing 90 days following confirmation.
4. On May 3, 1991, TROSCOM issued solicitation DAAK01-91-B-0161 as a reprocurement of the defaulted contract A160. The contracting officer rejected Plaintiff's bid because federal procurement law forbids awarding a reprocurement contract to a bidder who defaulted on the initial contract if the reprocurement award would be at a price greater than the price of the initial contract. Such law is applied to defaulting contractors regardless of whether they have filed for protection under the Bankruptcy Code.
5. There has been no attempt by Defendant United States to collect, recover, or offset any debt from Plaintiff.
6. Plaintiff filed the present adversary proceeding on March 3, 1992. Plaintiff claims that the contracting officer's decision violates the discharge injunction of Section 524 of the Bankruptcy Code and the settlement agreement of the parties.
7. Defendant Keco filed a motion to dismiss the complaint for lack of subject matter jurisdiction, arguing that Plaintiff's claims do not fall within the limited jurisdiction retained by this Court upon confirmation of the plan and that exclusive jurisdiction resides in the United States Claims Court.
8. Article VII of the plan states:
The Court shall retain jurisdiction of this case for the purposes of determining any and all objections to the allowance of claims and/or interest, for application for allowance of compensation or reimbursement of expenses after confirmation, to determine any and all motions pending at the time of confirmation for rejection, assumption or assignment of any executory contract or unexpired lease and the allowance of any claims resulting therefrom.
Further, should it be determined that any modification of the Plan is necessary, the Court shall retain jurisdiction for that purpose.
The confirmation order did not alter this language.
9. The allegations of the complaint do not involve any of the matters over which this Court retained jurisdiction. The complaint ultimately seeks an award of the contract at issue to Plaintiff.

CONCLUSIONS OF LAW
This Court lacks subject matter jurisdiction over this proceeding. This is a postconfirmation issue involving only federal procurement law. Further, this proceeding is not within the limited retention of jurisdiction set forth in the plan. Neither the facts nor the law implicate in any way the application of bankruptcy law or the prior proceedings in this bankruptcy case. Plaintiff's bid was rejected solely because it did not conform to the governing federal procurement law. Defendant United States has not attempted to collect any funds from Plaintiff, nor has Plaintiff been in any way penalized for having filed for bankruptcy.
After confirmation of a plan, the bankruptcy court has limited jurisdiction. Bankruptcy courts should exercise postconfirmation jurisdiction only for compelling reasons. In re Good Hope Refineries, Inc., 9 B.R. 421, 423 (Bkrtcy.D.Mass.1981).
Jurisdiction to review preaward bid protest actions is vested exclusively in the United States Claims Court pursuant to Section 133(a)(3) of the Federal Courts Improvement Act, 28 U.S.C. § 1491(a)(3) (1988) (FCIA). This provision has been interpreted to preclude district court jurisdiction to review bid protest actions filed prior to contract award. J.P. Francis & Associates, Inc. v. United States, 902 F.2d 740 (9th Cir.1990); B.K. Instrument, Inc. v. *999 United States, 715 F.2d 713 (2d Cir.1983); Rex Systems, Inc. v. Holiday, 814 F.2d 994 (4th Cir.1987).
Likewise, district courts in this circuit have determined that the FCIA divests the district courts of jurisdiction over preaward bid disputes. Metric Systems Corp. v. United States Department of Air Force, 673 F.Supp. 439 (N.D.Fla.1987); Caddell Construction Co. v. Lehman, 599 F.Supp. 1542, 1546 (S.D.Ga.1985) (holding "the language of § 133(a)(3) must be read to vest jurisdiction in the Claims Court for pre-award contract claims, to the exclusion of this and all other courts.")
Because this Court derives its authority from the district court under 28 U.S.C. § 157(a) (1988), it adopts the rule set forth in Caddell and Metric Systems and dismisses the complaint for lack of subject matter jurisdiction.
It is well established that the jurisdiction of the bankruptcy court may be retained by means of a specific reservation of jurisdiction in a Chapter 11 plan. If, however, the relief sought does not clearly fall within a specific reservation of jurisdiction, there is no subject matter jurisdiction. In re Neptune World Wide Moving, Inc., 111 B.R. 457 (Bkrtcy.S.D.N.Y.1990). The relief sought by Plaintiff does not fall within any of the categories set forth in the reservation of jurisdiction in Article VII of the plan. Nothing in the plan authorizes the retention of jurisdiction for an adversary proceeding to enjoin a postconfirmation contract award by Defendant United States to someone other than Plaintiff. Therefore, the plan does not vest this Court with subject matter jurisdiction over the claims asserted by Plaintiff.
Finally, this Court rejects the argument of Plaintiff that the actions set forth in the complaint deal with the discharge provisions of the Bankruptcy Code (11 U.S.C. §§ 524(a) and 1141(d)(1)). While this Court clearly has the power to enjoin violations of the injunction contained in § 524, see e.g. In re Moulton, 133 B.R. 248 (Bkrtcy.M.D.Fla.1991), there must be an actual violation of the injunction to justify relief. Section 524 only imposes a permanent injunction against creditors' attempts to recover on a personal liability. In re McNeil, 128 B.R. 603 (Bkrtcy.E.D.Pa.1991). The complaint does not allege that Defendant United States has taken any action to recover or collect reprocurement costs from Plaintiff. Nor is there any evidence that Defendant United States is applying the reprocurement rule to force Plaintiff to pay a discharged debt. Plaintiff cannot invoke this Court's jurisdiction simply by alleging violation of a provision of the Bankruptcy Code when the relief it seeks does not implicate the protection afforded by the Code.
Accordingly, this Court finds that it is appropriate to dismiss the complaint for lack of subject matter jurisdiction.
A separate order dismissing the complaint will be entered.