985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re W & S INVESTMENTS, INC., Debtors.
NORTHMOUNT ASSOCIATES; J. Dimmitt Smith, Apellants,
v.
W & S INVESTMENTS, INC. Debtor-Appellant.
 No. 91-35830.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Jan. 28, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. C91-403, Thomas S. Zilly, District Judge, Presiding.
 W.D.Wash.
 REMANDED.
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Northmount Associates and J. Dimmitt Smith appeal from the district court's dismissal of their appeal of two orders of the bankruptcy court imposing monetary sanctions on them for filing a frivolous motion to quash a subpoena for the production of records and a frivolous motion for reconsideration.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 W & S Investments, Inc. ("W & S") filed a voluntary petition for bankruptcy in October 1990. W & S claims a 5.5% interest in Northmount Associates ("Northmount"), a joint venture organized under Washington law. J. Dimmitt Smith has acted as Northmount's counsel throughout this case and has a personal interest in Northmount as well.
 
 
 4
 Northmount was established in 1971 to construct and operate a shopping mall in Skagit County, Washington. In 1979, Northmount sold the mall; consequently, its sole remaining asset was the note and third deed of trust on the mall. The mall was purchased by W & C Corporation ("W & C") in late 1990. In November 1990, after the initiation of the W & S bankruptcy proceedings, Northmount entered into an agreement with W & C for payment and settlement of the third deed of trust.
 
 
 5
 In January 1991, W & S moved to examine Northmount through Smith under Rule 2004 of the Federal Rules of Bankruptcy Procedure. The examination was sought "on the ground that the Debtor, W & S Investments, Inc., is a joint venturer in Northmount Associates and seeks to examine Mr. Smith as to joint venture matters which relate to its acts, conduct and property and its liabilities and financial condition of the Debtor." (Record ("R.") 1 at 79.) The bankruptcy court granted the motion and issued a subpoena to Northmount and Smith for the production of records. Northmount and Smith moved to quash, contending that W & S was not a partner in the joint venture but at most a mere assignee of an interest in Northmount, and therefore was not entitled under Washington law to inspect Northmount's books and records.
 
 
 6
 The bankruptcy judge heard the motion to quash on February 22, 1991. The minutes of the hearing simply state, "Motion to dsm for 2004 exam denied pay ter[m]s of 200.00 respond by March." (R. 24 at 16.).[1] The court later issued an order dated March 18, 1991 denying the motion to quash and imposing sanctions against Northmount and Smith in the amount of $200 on the ground that their motion was frivolous. The order did not otherwise explain the sanctions.
 
 
 7
 Northmount subsequently moved for reconsideration of the court's ruling. After a hearing on March 15, 1991, the bankruptcy court denied this motion as well, and issued a second order also dated March 18, 1991 imposing further sanctions on Northmount and Smith in the amount of $700, again on the ground that the motion was frivolous. In this second order, the court further directed that if Northmount and Smith failed to comply with the subpoena on or before April 5, 1991, they would be subject to additional terms of $2,500. Again, neither the minutes of the hearing nor the order itself explains the basis of the sanctions except to say that the motion was "frivolous."
 
 
 8
 Northmount and Smith appealed the two orders to the district court and moved for a temporary stay of the bankruptcy court's order requiring that they produce the documents or be subjected to the $2,500 sanction. After hearing arguments on April 4, 1991, the district court affirmed the bankruptcy court's rulings, denied the stay, and dismissed the appeal.[2] Northmount submitted to the Rule 2004 examination on April 16, 1991. The district court denied Northmount and Smith's motion for rehearing in a minute order dated May 20, 1991.
 
 DISCUSSION
 
 9
 Appellants claim that the district court erred in upholding the sanctions. We apply an abuse of discretion standard in reviewing the sanctions upheld by the district court. See Valley Nat'l Bank v. Needler (In re Grantham Bros.), 922 F.2d 1438, 1441 (9th Cir.), cert. denied, 112 S.Ct. 94 (1991). The bankruptcy court would necessarily have abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 10
 Rule 9011(a) of the Federal Rules of Bankruptcy Procedure, the bankruptcy equivalent of Rule 11, empowers bankruptcy courts to impose sanctions on the signer of a paper or the party he represents if the paper is frivolous or filed for an improper purpose. Valley Nat'l Bank, 922 F.2d at 1442. Under Rule 9011(a), as under Rule 11, a filing is considered frivolous if it is both baseless and made without a reasonable and competent inquiry. Id.
 
 
 11
 Bankruptcy Rule 2004 is a broadly construed discovery device which permits any party in interest in a bankruptcy proceeding to move for a court order to examine any entity so long as the examination relates to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed.R.Bankr.P. 2004(b). The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can "legitimately be in the nature of a 'fishing expedition.' " In re Wilcher, 56 B.R. 428, 433 (Bankr.N.D.Ill.1985). Such an examination, however, cannot be " 'used for purposes of abuse or harassment' and it 'cannot stray into matters which are not relevant to the basic inquiry.' " In re Table Talk, 51 B.R. 143, 145 (Bankr.D.Mass.1985) (quoting In re Mittco, Inc., 44 B.R. 35, 36 (Bankr.E.D.Wis.1984)). If the party to be examined makes a motion to quash a Rule 2004 subpoena, the examiner must show that there is good cause for taking the requested discovery. In re Wilcher, 56 B.R. at 434.
 
 
 12
 Northmount and Smith advanced several arguments in bankruptcy court in support of their motion to quash. They claimed that the issuance of the subpoena violated Wash.Rev.Code § 25.04.270, which curtails the ability of an assignee of an interest in a Washington partnership to participate in the management of the business or inspect its books. They also asserted that W & S had failed to show just cause for the Rule 2004 examination and that the right of examination under Rule 2004 is not unlimited.
 
 
 13
 Because there is case law which suggests that not every Rule 2004 examination is proper, not every motion to quash a Rule 2004 subpoena is necessarily frivolous. In order to impose sanctions for appellants' motion to quash and subsequent motion for reconsideration, the bankruptcy judge had to find that these motions were baseless and made without reasonable or competent inquiry. Valley Nat'l Bank, 922 F.2d at 1442. In order to uphold them, the district court had to find that the bankruptcy court did not abuse its discretion. Unfortunately, we do not have the benefit of either the bankruptcy or district court's reasoning as to why sanctions were appropriate in this case.
 
 
 14
 We have held in the Rule 11 context that although
 
 
 15
 [d]istrict courts have broad fact-finding powers in this area to which appellate courts must accord great deference,.... we must know to what we defer; when we are not certain of the district court's reasoning, or when we cannot discern whether the district court considered the relevant factors, we must remand.
 
 
 16
 Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir.1990); see also Valley Nat'l Bank, 922 F.2d at 1441 (courts should look to Rule 11 in interpreting Rule 9011(a)). We REMAND to the district court with directions to remand to the bankruptcy court to vacate the sanctions or set forth the factual and legal bases for them.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Apparently there is no transcript of this hearing or any of the subsequent hearings relevant to this appeal
 
 
 [2]
 Although it is not reflected in the record, appellants state in their brief on appeal that the district court affirmed on federal supremacy grounds