**In re Colbert M. CHISOLM and Elizabeth K. Chisolm, Debtors.**

**Bankruptcy No. 90–10643–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 8, 1993.

Richard C. Prosser, Tampa, FL, for debtors.

James D. Gibson, Sarasota, FL, for Waterford South, Inc.

**ORDER ON MOTION TO VACATE ORDER GRANTING DEBTORS' MOTION TO MODIFY CONFIRMED PLAN**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 reorganization case and the matter under consideration is a Motion to Vacate Order which granted the Debtor's Motion to Modify the confirmed Plan of Reorganization. The Motion is filed by Waterford South, Inc. (Waterford) who contends that this Court exceeded its jurisdiction by entering an Order Granting a Motion to Modify Con-

firmed Plan because the Order improperly affected Waterford's lien right encumbering a tract of land owned by the Debtors. In opposition, Colbert M. and Elizabeth K. Chisolm (Debtors) contend that this Court had jurisdiction to enter the Modified Confirmation Order and in any event, Waterford failed to file its Motion for Reconsideration of the Order prior to the 10 day expiration period as required by Fed.R.Civ. Pro. 59 as adopted by F.R.B.P. 9023. Therefore, the Debtors claim the Motion is untimely and should be denied. The facts relevant to the resolution of this matter, as appear from the record, are undisputed and are as follows.

On May 9, 1991, this Court entered an Order Granting the Sale of one of the assets of these Debtors, commonly referred to as the Mitchell Tract B property, to Waterford for a purchase price of $8,230,-800.00. The sale was to close on or before December 31, 1991. On July 22, 1991, this Court held a hearing to consider confirmation of the Debtors' Chapter 11 Plan of Reorganization. On August 30, 1991, this Court entered an Order and confirmed the Debtors' Plan of Reorganization. The Plan provided for the sale of the Mitchell Tract B property to Waterford. Subsequent to the entry of the Order confirming the Plan, Waterford filed suit in the Circuit Court of Sarasota County, Florida against the Debtors seeking damages for breach of the contract to sell the Mitchell Tract B property to it, and also asserted a vendee's lien on the Mitchell Tract B property. In addition, Waterford recorded a Notice of Lis Pendens in the Public Records of Sarasota County, Florida describing the Mitchell Tract B Property, in order to provide record notice of its vendee's lien.

The contract for the sale of the Mitchell Tract B property to Waterford never closed by the December 31, 1991 deadline. Instead, the Debtors sought and obtained a new purchaser, Wen Y. Chung (Chung). On April 15, 1992, the Debtors and Chung entered into a contract for the purchase and sale of the Mitchell Tract B property for the sum of $6,000,000.00. On July 11, 1992, the Debtors filed their Motion to Approve Sale of Real Property Free and Clear of Liens and Encumbrances. On July 13, 1992, the Debtors filed their Motion to Modify Confirmed Plan seeking the approval of this Court to substitute Chung for Waterford in the purchase and sale of the Mitchell Tract B property. Following a hearing on September 16, 1992, this Court denied as moot the Motion to Approve the Sale of the Mitchell Tract B property to Chung and also entered a separate order authorizing the Debtors to sell the Mitchell Tract B property to Chung free and clear of all liens and encumbrances, including the lis pendens filed by Waterford. The Order further provided that "all valid liens and encumbrances shall attach to the proceeds of sale." On January 12, 1993, Waterford filed its Motion to Vacate this Court's order of September 16, 1992 on or about four months after the Order under consideration.

■ As noted earlier, the Debtor challenged Waterford's right to seek the relief claiming that the Motion is time-barred and should not be considered at all. Obviously, this contention presents a threshold question which must be resolved before the question of lack of jurisdiction can be considered. F.R.B.P. 9024 is an adaptation of Fed.R.Civ.Pro. 60 with some exceptions not relevant here. Fed.R.Civ.Pro 60(b) provides that a Motion for Relief from a judgment or Order may be filed on the ground that the judgment is void. Fed.R.Civ.Pro. 60(b)(4). The Motion for Relief must be made within a reasonable time following the entry of the order. The present Motion under consideration is based on the contention of Waterford that the Court had no jurisdiction to modify the confirmed Plan; thus, it is evident that the Motion is based on the contention, albeit not very well articulated, that the Order is void. From all these it follows that the 10–day time limit set forth in F.R.B.P. 9023 as adopted from Fed.R.Civ.Pro. 59 has no application. Therefore, the Motion to Vacate the Order of Waterford is not time barred.

■ This leaves for consideration the question of whether this Court had the jurisdiction to modify the confirmation or-

der. According to § 1141(b) of the Bankruptcy Code, the confirmation of a plan vests all of the property of the estate in the Debtor:

Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

As a general proposition, it is true that after confirmation of a plan, the bankruptcy court has limited jurisdiction and should exercise post-confirmation jurisdiction only for compelling reasons. *See In re A.R.E. MFG. Co., Inc.*, 138 B.R. 996 (Bankr. M.D.Fla.1992); *In re Good Hope Refineries, Inc.*, 9 B.R. 421, 423 (Bankr.D.Mass. 1981). The right of the Debtors to deal with the revested assets is circumscribed only by the terms of the confirmed Plan, if the property was dealt with in the confirmed Plan. It is without dispute that the confirmed Plan contemplated the sale of the Mitchell Tract B and a mere substitution of a buyer for the one originally named, i.e., Waterford, could have been a permissible modification. However, a modification of a confirmed Plan in this instance did more than substitute one buyer for another. Instead it was designed to cut off and foreclose the rights of Waterford vis-à-vis the property which arose after confirmation. This modification is a far cry from a mere substitution of a buyer. It is clear that this Court lacks jurisdiction to permit the Debtor to accomplish this in the guise of a modification of a confirmed Plan.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Motion to Vacate Order Granting Motion to Modify Confirmed Plan filed by Waterford South, Inc. be, and is hereby, granted and the Order Granting Motion to Modify Confirmed Plan is vacated.

DONE AND ORDERED.