In re **BERRYMAN PRODUCTS, INC., Debtor.**

**BERRYMAN PRODUCTS, INC., Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

No. 4:95–CV–055–A.

United States District Court, N.D. Texas, Fort Worth Division.

June 16, 1995.

Jeffrey Philipp Prostok, Kevin C. Norton, Cantey & Hanger, Fort Worth, TX, Craig Howard Averch, Jones Day Reavis & Pogue, Los Angeles, CA, for Berryman Products, Inc.

Andrew Hailey Roberts, Zelle & Larson, Dallas, TX, for Nationwide Mut. Ins. Co.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

This action comes before the court as an appeal from orders of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable Massie Tillman presiding. The court, having reviewed the briefs of appellant, Berryman Products, Inc.,[1] and appellee, Nationwide Mutual Insurance Company, the record on appeal, and applicable authorities, finds that the orders from which appeal is taken should be reversed and that the motion seeking authority to institute certain causes of action should be denied. ·

### I.

#### Jurisdiction

The appeal is from an amended order signed and entered on October 5, 1994,[2] authorizing appellee to institute certain causes of action on behalf of the debtor in Case No. 493–41086–MT–11, and from an order signed and entered December 14, 1994, denying appellant's motion for rehearing. The court's jurisdiction exists pursuant to 28 U.S.C. § 158(a).

 Appellee argues that the October 5, 1994, order is not final for purposes of appeal. To be considered final, the order sought to be appealed must conclusively determine substantive rights of the parties. *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1155 (5th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988). Finality for the purpose of appellate jurisdiction is viewed more flexibly in the context of bankruptcy cases than in ordinary civil proceedings. *Louisiana World Exposition, Inc. v. Federal Ins. Co. (In re Louisiana World Exposition, Inc.)*, 832 F.2d 1391, 1395–96 (5th Cir.1987). The court is satisfied that the orders from which appeal is taken dispose of a discreet dispute within the larger bankruptcy case and are, therefore, final for purposes of appeal. Even if the orders were not final, the court would grant an interlocutory appeal in this action. The court is satisfied that a controlling issue of law is involved; that the issue is one where there is a substantial ground for difference of opinion; and that immediate appeal will materially advance the ultimate termination of the litigation. *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1177 (5th Cir.1991).

### II.

#### Pertinent Facts and Underlying Proceedings

On March 18, 1993, Berryman Products, Inc., filed a voluntary petition under Chapter

---

**1.** Appellant is the reorganized debtor, that is, the surviving entity after plan confirmation.

**2.** The court notes that the order reflects that it was agreed to by the parties. The court suspects that the agreement was as to form only and that had appellant's counsel signed the order himself, he would have noted the apparent error.

11 of the United States Bankruptcy Code. The bankrupt entity is hereinafter referred to as the "debtor." The petition was filed following entry of a $7.5 million dollar judgment against debtor and a co-defendant in favor of Matt Hart in Cause No. 90 DRO 207, styled "Matt V. Hart, plaintiff v. Sean Grimes, Berryman Products, Inc., and C.P. Hunt Company, Inc., defendants" in the Superior Court of California, County of Humboldt. Appellee is the liability insurer of debtor's co-defendant in the California action. Appellee and its insured claim that they are entitled to complete indemnity by debtor.[3]

On June 7, 1994, appellee filed a motion, amended on July 1, 1994, in the bankruptcy court seeking authority to institute certain causes of action on behalf of debtor. Specifically, appellee sought leave to pursue causes of action against R.H. Blankenship, former sole shareholder of debtor, for fraudulent transfers, preferential liens, and unauthorized post-petition payments, and against officers and directors of debtor and its parent company for violations of restrictions on corporate distributions. The claims appellee sought leave to pursue are hereinafter referred to as the "avoidance action."

On July 29, 1994, the bankruptcy court approved debtor's plan of reorganization. Thereafter, on August 30, 1994, the bankruptcy court heard appellee's motion and granted the same by order entered September 14, 1994, as amended on October 5, 1994. On September 23, 1994, appellant filed a motion for rehearing. That motion was heard on December 5, 1994, and, on December 14, 1994, the bankruptcy court signed an order denying the motion.

### III.

#### Issues on Appeal

Appellant raises five issues on appeal. First, the bankruptcy court lacked jurisdiction to grant appellee authority to institute the avoidance action. Second, the bankrupt-

cy court erred in granting appellee's motion because the confirmed plan of reorganization specifically vested the avoidance action exclusively in appellant. Third, the bankruptcy court erred in finding that appellee established the existence of a colorable claim. Fourth, the bankruptcy court erred in finding that debtor unjustifiably refused to pursue the avoidance action. And, fifth, the bankruptcy court erred in failing to consider the potential recovery and costs of pursuing the avoidance action.

### IV.

#### Standard of Review

To the extent the appeal presents questions of law, the bankruptcy court's judgment is subject to *de novo* review. *Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares, Inc.)*, 785 F.2d 1249, 1252 (5th Cir.1986). Findings of fact, however, will not be set aside unless clearly erroneous. *Memphis–Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 783 F.2d 1283, 1287 (5th Cir.1986). A finding is clearly erroneous, although there is evidence to support it, when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* The mere fact that this court would have weighed the evidence differently if sitting as the trier of fact is not sufficient to set aside the bankruptcy court's order if that court's account of the evidence is plausible in light of the record viewed in its entirety. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

### V.

#### Whether the Bankruptcy Court Lacked Jurisdiction

Appellant first contends that the bankruptcy court lacked jurisdiction after

---

**3.** The judgment of the trial court in the California action has now been reversed. The reversal does not significantly impact this appeal. Although existence of the judgment is conceivably relevant to appellant's fourth issue on appeal, for

the reasons discussed *infra*, that issue is not dispositive of the appeal. The court has allowed the appellate record to be supplemented with a copy of the opinion of the California appellate court for whatever value it may have.

confirming the plan of reorganization to consider appellee's motion to institute the avoidance action. Appellant maintains that after confirmation the bankruptcy court retains jurisdiction to do only the things set forth in the plan and nothing more.[4] *See A.R.E. Mfg. Co. v. United States (In re A.R.E. Mfg. Co.)*, 138 B.R. 996, 999 (Bankr.M.D.Fla.1992).

The better analysis is set forth in *Harstad v. First American Bank (In re Harstad)*, 155 B.R. 500 (Bankr.D.Minn.1993), *aff'd*, 1994 WL 526013 (D.Minn.), *aff'd*, 39 F.3d 898 (8th Cir.1994). The bankruptcy court is not divested of jurisdiction upon confirmation. *Eubanks v. Esenjay Petroleum Corp.*, 152 B.R. 459, 464 (E.D.La.1993); *National Convenience Stores, Inc. v. Shields (In re Schepps Food Stores, Inc.)*, 160 B.R. 792 (Bankr.S.D.Tex.1993). The parties by agreement cannot expand or limit a court's jurisdiction. *Harstad*, 155 B.R. at 507. Therefore, the first issue is without merit.

## VI.

### *Whether the Right to Bring the Avoidance Action was Vested Exclusively in Appellant*

Appellant next contends that the bankruptcy court erred in allowing appellee to pursue the avoidance action because the granting of such authority in effect amended the plan of reorganization. The court agrees. Pursuant to the plan, appellant retained the right to bring the avoidance action. A plan is a contract between a debtor and its creditors. *Baldwin Technology Corp. v. Dahlgren Int'l, Inc. (In re Dahlgren Int'l, Inc.)*, 147 B.R. 393, 398 (N.D.Tex.1992). Moreover, a confirmed plan has the effect of a final judgment. *Id.*, at 397. If the plan is confirmed, all questions that could have been raised are foreclosed by *res judicata*. *Christopher v. American Universal Ins. Group,*

*Inc. (In re Christopher)*, 148 B.R. 832, 837 (Bankr.N.D.Tex.1992), *aff'd*, 28 F.3d 512 (5th Cir.1994). If appellee was not satisfied with, or questioned, that part of the plan regarding maintenance of causes of action, it should have raised the issue at plan confirmation or on direct appeal from the plan confirmation order. *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1049–50 (5th Cir.1987).

The bankruptcy court had no power to grant the motion, because the plan did not authorize it to take away rights reserved to appellant and, in effect, reassign those rights to appellee. The court further notes that, since the estate ceased to exist upon plan confirmation, the bankruptcy court's order appears to be inappropriate for the further reason that it authorized appellee to bring the avoidance action on behalf of the debtor, an entity that no longer existed.

## VII.

### *Whether Appellee Met its Burden of Proof at the Hearing*

Even assuming that the bankruptcy court properly could have amended the plan on appellee's motion, appellant maintains that appellee did not demonstrate the existence of a colorable claim and debtor's unjustifiable refusal to pursue such claim. (These are presented as the third and fourth issues on appeal. The fifth issue is a subpart of the fourth.) The bankruptcy court's findings of a colorable claim and unjustifiable refusal to pursue same are subject to review on a clearly erroneous basis. The bankruptcy court's application of the law is subject to *de novo* review.

Appellee acknowledged at the hearing on its motion that it had the burden of proof. However, appellee did not adduce any evidence and, therefore, could not have met

---

4. Appellee contends that this issue was not raised before the bankruptcy court and should not be considered on appeal. The issue was raised for the first time in appellant's motion for rehearing. The bankruptcy court ruled that the point had been waived. *See First United Financial Corp. v. Specialty Oil Co.*, 5 F.3d 944, 948 n. 9 (5th Cir.1993) (indicating that an issue raised post-trial is properly raised on appeal if the district court has exercised its discretion to consider the issue). *But see Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.)*, 6 F.3d 1119, 1128 (5th Cir.1993) (indicating that an issue need only be raised in such a manner as to give the trial court an opportunity to rule on it). In any event, a purely legal issue may be raised for the first time on appeal and this issue would seem to fit into that category. *First United*, 5 F.3d at 948.

its burden. Even assuming that the exhibits referred to during the hearing had been admitted as evidence, they would not have supported the finding of a colorable claim.[5] Further, the exhibits are not pertinent to the issue of debtor's unjustifiable refusal to pursue an avoidance action. For these additional reasons, appellant is entitled to reversal of the orders from which it appeals.

## VIII.

### *Order*

The court ORDERS that the orders of the United States Bankruptcy court from which appeal is taken be, and are hereby, reversed, and that the motion seeking authority to institute certain causes of action be, and is hereby, denied.

---

5. Although exhibits were referred to at the hearing, the record does not reflect that such exhibits were admitted into evidence. Nor does the record reflect that the arguments of counsel were considered by the bankruptcy court as expert opinion testimony.